UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                       Plaintiff,

       -against-

ANTHONY GARCIA,
                       Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 10-5658(DRH)(ARL)

**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned for the purpose of issuing a report and recommendation with respect to the appropriate amount damages, attorneys' fees, and costs to be awarded to the plaintiff. For the reasons set forth herein, the undersigned recommends that the plaintiff, United States of America, be awarded damages in the amount of $41,342.56, plus interest at a rate of 4% per annum or $3.59 per day from November 4, 2010 to the date of judgment, and costs in the amount of $35.

## BACKGROUND

On December 7, 2010, the plaintiff, United States of America, commenced this action by filing the summons and complaint against the defendant, Anthony Garcia ("Garcia"). Garcia failed to answer, appear, or otherwise move. The plaintiff now seeks an award of damages and costs.

## DISCUSSION

**A. The Defendant's Default.**

Garcia was served with the summons and complaint, by affixing a copy of the summons and complaint to his door on December 10, 2010, December 11, 2010, and December 14, 2010, and by mailing a copy on December 29, 2010. *See* Jonathan Safran Aff. dated December 29,

2010. Proof of service was filed with the court on December 30, 2010. *Id.* On February 16, 2011, the plaintiff moved for a default judgment. On February 18, 2011, a Notation of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure was entered by the Clerk of the Court. Based on the plaintiff's submission, by order dated March 3, 2011, District Judge Hurley entered a default judgment against the defendant. The undersigned now determines the appropriate amount damages and costs to be awarded to the plaintiff.

**B. Damages.**

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is unnecessary. The plaintiff seeks recovery on one note, under the following claim:

Claim No. 2011A14745

| | |
|---|---|
| Principal: | $32,741.95 |
| Total Interest through November 4, 2010: | $8,600.61[1] |
| Total Owed | $41,342.56 |

Accordingly, the undersigned recommends that damages be awarded in the principal amount of $32,741.95, plus interest through November 4, 2010 in the amount of $8,600.61, and additional interest from November 4, 2010 to the entry of judgment at a daily rate of $3.59 per day pursuant to the Certificate of Indebtedness certified by the United States Department of Education, attached to the complaint as Exhibit A.

**C. Costs and Attorneys' Fees.**

In addition to damages, the plaintiff seeks an award of costs as collection fees in this

---

[1]The amount of interest set forth in the plaintiff's moving papers is not consistent with the amount set forth in the Certificate of Indebtedness. The court will rely on the amount in the Certificate.

2

matter. The assessment of collection fees against defaulted federal loans is authorized by regulations enacted pursuant to the Higher Education Act of 1965 (HEA), 20 U.S.C. §1071, *et seq*. One such regulation sets forth the mandatory terms of a federal student loan, and requires a promissory note to "state that the borrower shall pay all attorney's fees and other loan collection costs and charges." 34 C.F.R. §674.31. The promissory notes executed by Garcia on June 27, 2003 provides that Garcia shall "pay reasonable collection fees and costs, plus court costs and attorneys fees" if a default occurs.[2] Federal law and regulations permit the imposition of collection charges in "an amount equal to the reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges and court costs." 34 C.F.R. §682.410(b)(2). Although the promissory note provides for an award of reasonable attorney's fees, attorneys fees are not being sought in this matter. *See* Sucher Aff. at ¶5.

The plaintiff is, however, seeking $385 in costs, consisting of $350 in filing fees and $35 for service of the summons and complaint. The United States is not required to pay a filing fee when initiating an action in federal court and no such payment is reflected in the civil docket for this case. Thus, the $350 should be denied. The $35 service fee, on the other hand, is substantiated by an invoice from Federated Legal Services, Inc., and that amount should be awarded.

## OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the

---

[2]Two pages of the promissory note were forwarded to court by plaintiff's counsel and are now part of the record before the court.

defendant by certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
May 11, 2011

/s/
ARLENE R. LINDSAY
United States Magistrate Judge